IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2001 JUN 21  P 2: 27

| | | |
|---|---|---|
| IN RE: EMPLOYMENT DISCRIMINATION LITIGATION AGAINST THE STATE OF ALABAMA, et al.: | ) ) ) ) | |
| EUGENE CRUM, JR., et al., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE OF ALABAMA, et al., | ) ) | 2:07 CV 462-MHT |
| Defendants. | ) ) | CIVIL ACTION NO.: CV-94-T-356-N |
| MARIE WILSON, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| STATE OF ALABAMA, GOVERNOR DON SEIGELMAN, STATE OF ALABAMA PERSONNEL DEPARTMENT, STATE OF ALABAMA DEPARTMENT OF ECONOMIC AND COMMUNITY AFFAIRS, NICK D. BAILEY, ACTING DIRECTOR | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT-IN-INTERVENTION

**I.    JURISDICTION:**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act

1

of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is

invoked to secure protection of and redress deprivation of rights secured by 42

U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983, and the "Civil

Rights Act of 1991" providing for injunctive and other relief against race discrimination.

2.  The Plaintiff-Intervener has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983. Plaintiff-Intervener filed her charge of race discrimination with the EEOC within 180 days of the occurrence of the last discriminatory act and timely filed her race discrimination claim 90 days of the receipt of her right-to-sue letter from the EEOC. In addition, she is relying on her own EEOC charge and those of the other plaintiffs and plaintiff-intervenors.

II.  **PARTIES**:

3.  Plaintiff-Intervener, Marie Wilson, is a black citizen of the United States and a resident of the State of Alabama.

4.  The plaintiff-intervener brings this action on her own behalf and on behalf of all other black persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which the plaintiff-intervener seeks to represent is composed of black persons who are employed by the defendants. There are common questions of law and fact affecting the rights of the members of the class who are, and continue to be limited, classified and discriminated against in ways which deprive or tend to deprive them of equal terms, conditions, or privileges of employment. These persons are so numerous that joinder of all members is impractical. A common

2

relief is sought. The interests of said class are adequately represented by the plaintiff-intervenors. Defendants have acted or refused to act on grounds generally applicable to the class.

5. Defendant, State of Alabama, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983. The defendant employs at least fifteen (15) persons.

6. Defendant, State of Alabama Personnel Department, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983. The defendant employs at least fifteen (15) persons.

7. Defendant, Don Seigelman, as the Governor of the State of Alabama, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

8. Defendant, Alabama Department of Economic and Community Affairs, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983. The defendant employs at least fifteen (15) persons.

9. Defendant, Nick D. Bailey, as Acting Director of the Alabama Department of Economic and Community Affairs, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

### III. CAUSES OF ACTION:

10. The plaintiff-intervener and the class she seeks to represent re-alleges and incorporates by reference paragraphs 1-9 above with the same force and effect as if fully set out in specific detail hereinbelow.

11. The defendants have discriminated against the plaintiff-intervener and the class she seeks to represent on the basis of race in hiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subject decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

12. Plaintiff-Intervener, Marie Wilson, was employed by the State of Alabama from January of 1989 until her resignation in June of 2000. Throughout her employment, Ms. Wilson continuously sought promotions to the positions General Services Supervisor-1193 and Economic and Community Affairs Division Director-21237, Surplus Property Option-423. Wilson applied for these positions and, after being deemed qualified, was placed on the register. Wilson did not receive any of these positions. Wilson was qualified, if not more qualified than the individuals awarded these positions. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs.

13. Throughout her employment, Wilson has also been discriminated against in regards to job assignments, training, and experience, and other terms and conditions and privileges. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

14.  This systemic discrimination further adversely affects plaintiff's status as an employee and other black employees by promoting and reinforcing racial stereotypes and bias in hiring, promotions, training, transfers, job assignments, job classifications, discipline, demotions, job assignments, evaluations, supervision, training, compensation, benefits and other terms, conditions and privileges of his employment.

15.  The plaintiff-intervener and the class she seeks to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and declaratory judgment are her only means of securing adequate relief. The plaintiff-intervener and the class she seeks to represent are now suffering and will continue to suffer irreparable injury form the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### IV.  **PRAYER FOR RELIEF**:

**WHEREFORE**, the plaintiff-intervener and the class she seeks to represent respectfully pray that this Court assume jurisdiction of this action and after trial:

1.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff-intervener and the plaintiff class as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §§1981 and 1983.

2.  Grant the plaintiff-intervener and the plaintiff class a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys, and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress

known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §1981 and 42 U.S.C. § 1983.

3. Enter an Order requiring the defendant to make the plaintiff-intervener and the plaintiff class whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back-pay (plus interest), declaratory and injunctive relief, lost seniority, lost benefits and lost pension benefits.

4. Grant the plaintiff-intervener and the plaintiff class such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

_____
Rocco Calamusa, Jr., Esq.
Roderick T. Cooks, Esq.
Counsel for the Named Plaintiffs,
Plaintiff-Intervenors, and Putative Class

**OF COUNSEL:**

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL 35203
(205) 328-0640

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served, either by hand delivery or by placing same in the United States Mail, properly addressed and first class postage prepaid, on this the 21th day of June, 2001, on the following:

Thomas T. Gallion III
Haskell, Slaughter, Young, & Gallion
P.O. Box 4660
Montgomery, AL 36103


R. Taylor Abbot, Jr.
Cabaniss, Johnston, Gardner,
Dumas & O'Neal
700 Park Place Tower
Birmingham, AL 35203


Henry C. Barnett
Christopher W. Weller
Capell, Howard, Knabe & Cobbs, P.A.
57 Adams Avenue
P.O. Box 2069
Montgomery, AL 36102-2069


T. Dwight Sloan III
Balch & Bingham
P.O. Box 306
Birmingham, AL 35201


Warren B. Lightfoot, Jr.
Maynard, Cooper & Gale, pc
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

7

William J. Huntley, Jr.
Huntley & Associates, P.C.
P.O. Box 370
Mobile, Alabama 36601


Margaret L. Fleming
Office of the Attorney General
S. Gordon Persons Building, Room 2122
50 Ripley Street
Montgomery, AL  36130


John J. Park
Office of the Attorney General
S. Gordon Persons Building, Room 2122
50 Ripley Street
Montgomery, AL  36130


Robbie Hyde
Webb & Eley, P.C.
166 Commerce Street, Suite 300
Post Office Box 238
Montgomery, AL  36101-0238


David M. Loper
Campbell, Waller & Loper, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209


Edward A. "Ted" Hosp
State of Alabama Governor's Office
State Capitol
Montgomery, Alabama 36130

Lisa W. Borden
Wesley C. Redmond
Erica L. Baldwin
Berkowitz, Lefkovits, Isom & Kushner
1600 SouthTrust Tower
Birmingham, Alabama 35203


Alice A. Byrne
Office - Attorney General
Room 303, 11 South Union Street
Montgomery, Alabama 36130


Mary Beth Martin
U.S. Department of Justice
Civil Rights Division
Employment Litigation
P.O. Box 65968
Washington, DC 20035


Robbie Hyde
Webb & Eley, P.C.
166 Commerce Street, Suite 300
Post Office Box 238
Montgomery, AL 36101-0238


Andrew P. Campbell
Campbell, Waller & Loper, LLC
2100-A SouthBridge Parkway
Suite 450
Birmingham, AL 35209

/s/ [signature]
OF COUNSEL